GERTRUDE KOELGES, Respondent, *v.* THE GUARDIAN LIFE INSURANCE COMPANY, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, JUNE, 1870.)

A life insurance company issued a policy, which became forfeited by failure of the insured to meet the premiums according to its terms. The insured, however, called at the company's office, inquired of its clerk if she might pay the premiums; was informed by him that she might, and of their amount, which she promised to call and pay; but the clerk offering to call and receive it at her house, she afterward made the payment to him there, and received separate receipts for the several premiums, signed by him for the secretary of the company. The payment was brought to the knowledge of the company's cashier, but he did not, nor did the company, ever receive the premiums paid. The clerk had sometimes been employed to collect premiums on non-forfeited policies, but had no authority to receive premiums upon those which were forfeited. In an action upon the policy to recover the insurance as provided therein.— *Held*, that the forfeiture had not been waived, and the plaintiff could not recover.

*Held*, further, that it was error to reject as evidence, on the trial of the action, the company's charter and by-laws.

THE complaint in this action set forth a policy of life insurance, dated July 25, 1868, issued by the defendant, upon the lives of the plaintiff and of Albert Koelges, her husband,

for the sum of $4,000, payable, upon the decease of either of the insured, to the survivor; and providing, among other things, for payment of the sum of $26.93 on or before the 25th days of October, January and April then next; and also of an annual premium of $172.32 on or before July 25th, in every year during the continuance of the policy or (with the consent of the company), quarterly in advance. It also provided as follows, viz: " in case the premium or premiums shall not be paid to said company on or before the time specified for the payment of the same, this policy shall thereupon be forfeited and cease, and determine, except as hereinbefore provided.." The complaint also alleged the death of Albert Koelges, and claimed to recover the insurance provided for in the policy.

The defendant averred in defence, the failure of the insured to comply with the requirements of the policy, in that no payments had been made of two premiums, falling due on the 25th days of April and July, 1869, respectively, and a forfeiture of the policy on account of the failure.

The plaintiff testified, that, on the last day of July, 1869, she had taken the policy to the office of the defendant in New York city, and there had conversation with a clerk of the company, who was behind a desk in the office, as follows: " I asked Mr. Holley if he could tell me if my husband had paid the premium of the policy; he asked me for the policy, so I gave it to him, and he said he would tell me right away; he got a large book and told me, no, it was not paid; so I asked him if I could pay it, and he said, why, certainly you can; I asked him how much it was; he took my policy and reckoned it out; those (pencil marks on the policy) are the marks he made; he made a memorandum on it of the amount of the premium; I told him that I could bring the money; he said I could pay it, and I wanted to fetch the money the next day; he said, never mind, I will save you the trouble; I live in Williamsburgh; I pass your house every day; I can save you the trouble, so that you need not come over here again; the day after, he came to my house, and he received

the money and gave me two receipts; these produced are the same he gave me." The receipts were as follows:

[Temporary Receipt.]
" THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

[ 2c. Int. Rev. Stamp, canceled. ]                    No. 251 BROADWAY.

NEW YORK, *April 25th*, 1869.

Received from Albert and Gertrude Koelges, twenty-six 93 dollars binding Policy No. 14,980, from the 25th day of April, 1869, at noon, to the 25th day of July, 1869, at noon. Not valid unless countersigned by J. E. Holley.

J. E. HOLLEY,

$26.93.                                    *For the Secretary.*"

(Countersigned J. E. Holley.)

---

[Temporary Receipt.]
" THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

[ 2c. Int. Rev. Stamp, canceled. ]                    No. 251 BROADWAY.

NEW YORK, *July 25th*, 1869.

Received from Albert and Gertrude Koelges, twenty-six 93 dollars binding Policy No. 14,980, from the 25th day of July, 1869, at noon, to the 25th day of October, 1869, at noon. Not valid unless countersigned by J. E. Holley.

J. E. HOLLEY,

*Agent for the Secretary.*"

(Countersigned J. E. Holley.)

The plaintiff also testified to the death of her husband on the 2d of September, 1869, and that after his decease Holley came with two others, who were from the office of the company, one of them being its secretary, and offered to return the money paid, Holley saying he had no authority to receive it, but that she, the plaintiff, had refused it.

Koelges *v.* The Guardian Life Insurance Company.

One of the agents of the company also testified on behalf of the plaintiff, that he had negotiated the insurance in question with the insured, and sometime in August, 1869, had gone to the cashier of the company in the company's office and inquired whether the premiums had been paid upon the policy in question, with a view to obtaining his commissions thereon in case the premiums were paid, that he was told by the cashier that it had not been paid, and that while they were talking Holley came up and said he had received the money on the policy, and asked the witness to allow his account to remain for a month; that the cashier had requested Holley to make out an account, which he did for the two payments received by him, and which he handed to the cashier, who placed it in his drawer, and Holley promised to pay the money next month; that in the next month he, the witness, had presented his bill at the company's office, and the clerk, whose duty it was to state the account with him, informed him that the premiums had not been paid on the policy, and that Holley being called upon said he had not paid it, and requested that the account might remain another month, and he also then said that Koelges was dead.

It also appeared, that Holley had been sometimes employed to collect premiums by the company, though the collection thereof was no part of his duties, and he had been an agent of the company, but that he had in fact no authority to receive any premiums upon forfeited policies, and no proof was given as to any authority, for Holley to sign the name of the secretary of the company to the receipts given by him.

Various exceptions were taken to the evidence given, and the defendant moved for a nonsuit at the close of the defendant's testimony, which was denied, and exception taken to the refusal.

The defendant gave evidence upon the subject of defendants duties as clerk, tending to show that he was unauthorized to receive the premiums paid, or give the receipts therefor, and also as to the custom of the company, respecting the receipt of premiums upon forfeited policies, and offered in

evidence the charter and by-laws of the company, which the court refused to receive, and an exception was taken to the refusal.

The jury gave a verdict for the amount of the insurance, and the defendant obtained time, and made a case with exceptions, and also moved at Special Term for a new trial, which was refused, and this appeal is from the order entered upon the refusal.

*Livingston K. Miller*, for the appellant.

*D. D. Barnard*, for the respondent.

Present—JOSEPH F. BARNARD, P. J., DANIELS and E. DARWIN SMITH, JJ.

By the Court—BARNARD, P. J. At the time of the payment by plaintiff to Holley of the two quarterly premiums. the policy was forfeited by its terms. It then became incumbent upon the plaintiff, in order to recover upon the policy, to show a receipt of the premium, by some one authorized to receive it after the forfeiture, or to show a ratification of an unauthorized receipt by the company, by an acceptance of the money with knowledge of the facts, or in some other way.

I think the case fails to show Holley's authority to receive the money after forfeiture. He was a clerk of defendants; had been an agent to receive applications for insurance in New Jersey, which appointment had been revoked. He had been sent by a previous secretary to collect premiums, but always with strict orders to collect none on forfeited policies. Holley signed the receipts for the payments in question as agent for the then secretary. There is no proof of his power to act as agent for the secretary. Neither Holley nor the secretary is produced as a witness. If the secretary had power to waive the forfeiture, he is not proved to have done it. Holley had never done a like act, his power to bind the company, by receiving money on policies on life, would be

Koelges v. The Guardian Life Insurance Company.

no evidence of power to waive the forfeiture by receiving the premiums, after the policy had ceased to exist by reason of non-payment. The company have never received the premiums collected by Holley.

I am unable to distinguish this case in principle from an unreported case in this district (*Taylor* v. *The British Commercial Life Insurance Company.*) In that case, the policy was upon the life of one E. P. Taylor. William Wilson was the agent to receive the premiums; he was instructed if the premiums were not paid in thirty days, to return the receipt to the general agent in New York. The policy provided, that it should be void if the premiums were not paid within thirty days after the same became due. Taylor suffered default for over thirty days. About fifteen days after the policy became forfeited, the assured paid the premium to a clerk in the office of the agent, Wilson, within a few days after this payment the assured died. The company never received the money. The clerk in the office of the agent had generally received the premiums for his father, the agent. The court held that William Wilson had no power to waive the forfeiture, or to bind the company by receiving the money after default. That he was a special agent, and could not exceed his powers as such, and bind his principal by his acts, although the assured knew nothing of his limited powers.

In that case, the charter and by-laws were admitted in evidence. I think it was erroneous to exclude them in this case. If they did show who was authorized to remit forfeitures, they should have been received. From the evidence of the president of defendant, I suppose they did. The rejected evidence, or such parts of it as would show its pertinency, should properly have been presented by the case, so that this court could more satisfactorily determine this point. I think the judgment and order denying a new trial should be reversed, and a new trial granted, costs to abide the event.